UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WIDENER MICHAEL WEEMS, §<br>   *Petitioner*, §<br> §<br>v.   § <br> §<br>WILLIAM STEPHENS, Director of the §<br>Texas Department of Criminal Justice - §<br>Correctional Institutions Division, §<br>   *Respondent.* § | CIVIL ACTION NO. 4:15-CV-01632 |

## MEMORANDUM AND RECOMMENDATION

Petitioner Widener Weems, a Texas state inmate, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court murder conviction. His petition was referred to this magistrate judge for report and recommendation. Dkt. 4. After reviewing the record, the Court recommends that the petition be dismissed with prejudice as successive.

## BACKGROUND

Petitioner is currently serving a life sentence for murder pursuant to a state court judgment on September 5, 2003. *State v. Weems*, No. 44,301 (23d Dist. Ct., Brazoria Cnty., Tex. Sept. 5, 2003). The conviction was affirmed on appeal. *Weems v. State*, 167 S.W.3d 350 (Tex. App.–Hous. [14th Dist.] 2005, pet. ref'd). The Texas Court of Criminal Appeals refused discretionary review (Dkt. 6 at 2), and the Supreme Court denied Petitioner's petition for writ of certiorari on May 15, 2006. *Weems v. Texas*, 547 U.S. 1135 (2006).

Since that time, Petitioner has bombarded both the state and federal courts with a flurry of habeas petitions, filing seven state habeas applications and two federal habeas

petitions prior to the petition currently before this Court. The Texas Court of Criminal Appeals denied Petitioner's first state application without a written order. *Ex parte Weems*, No. 65,256-01 (Tex. Crim. App. Aug. 9, 2006). Petitioner filed six more state applications from 2007 to 2014, each denied as successive, prompting the Texas Court of Criminal Appeals to issue an order that Petitioner waived and abandoned his claims by abusing the writ. *Ex parte Weems*, No. 65,256-07 (Tex. Crim. App. June 11, 2014).

In his first federal habeas petition in 2009, Petitioner raised *Brady* violations, a denial of his Fifth Amendment protection against self-incrimination, and Fourth Amendment claims as grounds for federal habeas relief. *See Weems v. Thaler*, No. H-07-0590, 2009 WL 3570003, at *1 (S.D. Tex. Oct. 30, 2009). The district court dismissed the petition on the merits. *Id.* Petitioner's second federal petition was dismissed with prejudice as successive. *Weems v. Stephens*, No. H-13-2931, 2013 WL 5575898 (S.D. Tex. Oct. 9, 2013).

## ANALYSIS

Petitioner's current petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA requires dismissal of a claim presented in a successive habeas petition unless the claim relies on a new rule of constitutional law; the factual predicate of the claim could not have been discovered previously; or the facts, if proven, establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2). In cases permitted by § 2244(b)(2), an applicant must get permission from the Fifth Circuit before filing a second or successive petition in the district court. *See* 28 U.S.C. § 2244(b)(3)(A).

None of the exceptions in § 2244(b)(2) are present here, and the Fifth Circuit has not given Petitioner permission to proceed with his current petition. Petitioner's claims are also time-barred under 28 U.S.C. § 2244(d)(1)(A) because Petitioner is challenging a conviction that was final more than one year before the filing of this action.

For these reasons, the Court recommends that Petitioner's federal habeas corpus petition be DISMISSED WITH PREJUDICE. The Court further recommends that a certificate of appealability not issue.

Petitioner has 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on September 11, 2015.

Stephen Wm Smith
United States Magistrate Judge